PER CURIAM.
The appellants were found guilty of violating Section 460.413(l)(d), (e), (w), Florida Statutes (1981),[1] and certain Department regulations,[2] fined $1,000 and placed on one-year probation. The appellants were found guilty of those violations because of a “tasteless ad” they ran (which was factually correct) and because of their failure to have the initials D.C. after their names properly identifying themselves as chiropractors.
We find that the Department has no regulation relative as to how a doctor of chiropractic medicine identifies himself. However, it is clear from the ad that ordinary people would not be misled by the advertisement, but would know that the appellants and their clinic practiced chiropractics. Therefore we find no basis for the alleged violation in failing to have the words, D.C. following their names. We likewise find that the regulation relating to advertising[3] is overly broad and restricts, unlawfully, free speech, no matter how “tasteless”, and therefore we find the reg *155 ulation unconstitutional under the reasoning contained in the following authority. Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977); Virginia State Board of Pharmacy v. Virginia Citizen’s Counsel, Inc., 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976); Bigelow v. Virginia, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975). The ad not being fraudulent, false or misleading, there was no factual basis for finding a violation of Section 460.413(l)(d), Florida Statutes (1981). Therefore the fines and probation here under review be and the same are hereby reversed.
Reversed.

.Section 460.413(l)(d), (e), (w), Florida Statutes (1981), reads as follows:
"460.413 Grounds for disciplinary action; action by the board.—
(1) The following acts shall constitute grounds for which the disciplinary actions specified in subsection (2) may be taken:
(d) False, deceptive, or misleading advertising.
(e) Causing to be advertised, by any means whatsoever, any advertisement which does not contain an assertion or statement which would identify himself as a chiropractic physician or identify such chiropractic clinic or related institution in which he practices or in which he is owner, in whole or in part, as a chiropractic institution.
(w) Violating any provision of this chapter, any rule of the board or department, or a lawful order of the board or department previously entered in a disciplinary hearing or failing to comply with a lawfully issued subpoena of the department."

. RULES OF THE DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF CHIROPRACTIC.
"21D-15.01 Deceptive and Misleading Advertising Prohibited; Policy;
(2) No chiropractor shall disseminate or cause the dissemination of any advertisement or advertising which is any way fraudulent, false, deceptive or misleading. Any advertisement or advertising shall be deemed by the Board to be fraudulent, false, deceptive, or misleading if it:
(f) Is likely to appeal primarily to a lay person’s fears, ignorance, or anxieties regarding his state of health or physical well-being; or
(g) Fails to conspicuously identify the chiropractor or chiropractors referred to in the advertising as a chiropractor or chiropractors; or

. See footnote [2] 21D-15.01(2)(f).